Gardner *v.* Bain.

SAMUEL E. GARDNER, Respondent, *v.* LEVI BAIN, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1871.)

Upon a sworn complaint in writing, charging that plaintiff "of, &c., and keeper of a saloon in the town of C., is a disorderly person, by allowing drunkenness and gambling in his saloon by men and boys, contrary, &c.," a warrant was issued by a justice of the peace, reciting the accusation in the words of the complaint, and directing plaintiff's arrest as a disorderly person. — *Held*, that it was a sufficient protection to parties acting under it, inasmuch as the complaint stated facts from which the justice might have concluded that the plaintiff had committed an offence under the statute (1 R. S., 638), which provides that "all keepers of houses for the resort of drunkards, tipplers or gamesters * * * shall be deemed disorderly persons," and was therefore sufficient to give the justice jurisdiction.

APPEAL by defendant from a judgment rendered for the plaintiff upon the verdict of a jury. The facts are stated in the opinion.

*R. E. Andrews,* for plaintiff.

*Daniel Sheldon,* for defendant.

Present—DANIELS and PARKER, JJ.

PARKER, J. This action is for false imprisonment and was commenced May 28th, 1866. The defence is justification under legal process. The jury found a verdict of fifty dollars for the plaintiff. The case comes up on appeal by the defendant from the judgment, and from an order denying a new trial.

On the 12th of April, 1866, the defendant and others made complaint in writing under oath to William Wright, a justice of the peace, as follows:

"COLUMBIA COUNTY, *ss.:* Levi Bain, Hiram Miller, Philo Melius, and John P. Bain, being duly sworn, say: That Samuel E. Gardner of the said county, and keeper of a saloon in the town of Copake, is a disorderly person by allowing drunkenness and gambling in his saloon, by men and boys,

Gardner *v.* Bain.

contrary to the meaning of the statute in such case made and provided. Wherefore the said complainants pray that he may be apprehended and dealt with according to law."

This complaint was signed and sworn to by the defendant, and the other persons therein named, before the said justice, who thereupon issued a warrant to any constable of said county, commanding him to take the said Gardner and bring him before the said justice for examination as a disorderly person. The warrant recites the accusation in the words of the complaint. The defendant received the warrant from the justice, delivered it to a constable, and told him to arrest Gardner and bring him before the justice, which was done.

Upon the trial of the case at bar when the plaintiff rested, having shown these facts, the defendant moved for a nonsuit upon the grounds, among others :

1st. That the complaint and the warrant are sufficient to protect the parties.

2d. That if not fully sufficient the justice passed upon the same, obtained jurisdiction, and all parties are protected.

The court denied the motion and defendant excepted. I am inclined to think the nonsuit should have been granted.

The statute under which the warrant was issued provides, that "all keepers of houses for the resort of * * * drunkards, tipplers or gamesters * * * shall be deemed disorderly persons." (1 R. S., 638, 1st ed.)

It is said by the plaintiff's counsel, that the complaint does not accuse plaintiff of being such a person as the statute makes a disorderly person, inasmuch as it does not aver that he was the keeper of a house *for the resort* of drunkards, tipplers or gamesters.

This, it is true, is not distinctly averred; but there are facts stated in the complaint from which the magistrate might, perhaps, conclude that he did keep such a house; facts fairly calling upon him to judge, and which, we may reasonably conclude, in his judgment, amounted to proof of the charge that the accused was a disorderly person.

When it is said in the complaint that he was a *disorderly*

*person*, by allowing drunkenness and gambling by men and boys in his saloon, contrary to the meaning of the statute, it may, I think, be fairly inferred that the magistrate under-stood that such allowance was habitual, and necessarily involved the habitual resort to the saloon of the persons described, and hence that he was the keeper of a house for the resort of such persons. The facts stated are, at all events, sufficient to call for the judicial consideration of the officer, and such as fairly tend to prove the charge made in the complaint. If this is so, the complaint is sufficient to give the justice jurisdiction to issue the warrant, and that constitutes a justification to the defendant for delivering it to the constable and directing him to execute it.

The cases cited by the appellant abundantly sustain the doctrine above referred to. See *Stewart* v. *Hawley* (21 Wend., 552), in which the complaint was that the accused was personally engaged in circulating a memorial to the legislature on Sunday, which was, in fact, no offence, and no averment was made that he had committed any offence, except what is contained in that statement, and the court says : "It cannot be doubted that the justice, by means of the complaint in this case, and the warrant issued thereon, acquired jurisdiction over the subject-matter and the *person* of the defendant, and that his error, if any, was an error of judgment. See, also, *Harman* v. *Brotherson* (1 Denio, 537, and cases there cited); *Matter of Faulkner* (4 Hill, 598); *Landt* v. *Hilts* (19 Barb., 283); *Stanton* v. *Schell* (3 Sandf. S. C. Rep., 328); *Von Latham* v. *Libby* (38 Barb., 339); and *Skinnion* v. *Kelley* (18 N. Y. R., 355), all of which hold the same doctrine. The cases relied upon by the respondent are not in conflict with that doctrine. In *Wait* v. *Green* (5 Park. Cr. R., 185), it was held that the warrant recited no offence, all the statement being that the accused " did will-fully and maliciously unhook the traces of the harness of a span of horses then hitched to the wagon then owned or in possession of said deponent;" no offence was alleged, and the fact set forth pointed to none ; so it might well be said that

the affidavit recited no offence. There was nothing from which an offence could be spelled out; nothing, as in the case at bar, tending to prove any offence, or which we have any ground for inferring that the officer adjudged sufficient proof that any legal offence had been committed.

*Rogers* v. *Mulliner* (6 Wend., 597) was the case of the defendant having obtained from a justice of the peace a civil warrant against the plaintiff, who was a freeholder, without an oath, on which he was arrested; and the question here under consideration was not in the case. *Percival* v. *Jones* (2 J. C., 49) was a suit against a justice of the peace for issuing an execution, on which Percival, the defendant in the execution, was arrested, he not being a freeholder, and having a family, as he informed the justice, and, therefore, being exempt by statute from arrest; and it was held that the justice was liable, which is the whole case.

The appellant's counsel quotes from the opinion in this case the remark that " mere *ministerial* officers, who, as such, issue or execute process, cannot nor ought not to be responsible, so long as the court from which it issues has general jurisdiction to award such process; *but the party who sues out the process does it at his peril, and he is responsible.*" That is undoubtedly true. If the justice had, by direction of the party in that case, issued an execution against the person of the defendant therein, such party would, no doubt, have been liable. The issuing of an execution by the justice was a mere ministerial act, in no respect judicial; so it was held in that case. In the case at bar the warrant was the result of the judicial act of the justice, who, as we have shown, had jurisdiction to issue it. Its service was, therefore, lawful. The party and the constable were alike protected by it.

From the case of *Curry* v. *Pringle* (11 J. R., 444), the learned counsel quotes the statement that " the rule is strict that on account of special and limited jurisdiction the party becomes a trespasser who extends the power of the court to a case to which it *cannot be lawfully extended.*" That rule has no application to the question under consideration in the

case at bar, whether the complaint was sufficient to give the justice jurisdiction.

The case of *Vredenburgh* v. *Hendricks* (17 Barb., 181) recognizes the doctrine under which we hold that the justice in the case at bar obtained jurisdiction, where the court declare that "there must be an affidavit, and that affidavit must contain evidence which in the *judgment of the officer* amounts to proof of the charge."

In *Comfort* v. *Fulton* (13 Abb., 276), it was held that the act charged as an offence, to wit.: the digging and carrying away from complainant's field potatoes, to the value of three dollars, was no offence, and that the statement under oath by the complainant, that his son informed him of the fact, was no evidence thereof. So that the justice obtained no jurisdiction to issue a warrant for a criminal offence as to proof of the fact. PECKHAM, J., says: "Here was nothing more nor so much in fact than if the son had come into court and stated without oath that he saw this plaintiff commit this offence. That would not be claimed to be sufficient."

This does not conflict with the doctrine above stated. I think the sworn complaint in the case at bar was sufficient to give the justice jurisdiction to issue the warrant, and if so, the defendant was protected by it, and the arrest of the plaintiff under it fully justified. The plaintiff should have been nonsuited, and the judgment and order denying a new trial must be reversed and a new trial granted, with costs to abide the event.

New trial granted.