JACOB LEWIS, Appellant, v. JONATHAN ROSE, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

Where a justice of the peace mistakenly determines that an offence has been committed and that there is probable cause against the accused, and issues his warrant for arrest, an action for false imprisonment will not lie for the error against the complainant.

A warrant is sufficient protection if it charges a crime, although in general terms.

Mere delivery of a warrant, believed to be valid, by the complainant, to the officer, by whom it is executed, will not subject to an action for false imprisonment.

Otherwise where the warrant is delivered with directions to arrest, if it is void.

THIS was an appeal by the plaintiff from a judgment for defendant, entered upon an order denying a motion for a judgment upon a verdict of a jury.

Upon the trial the court directed a verdict for the plaintiff,

Lewis *v.* Rose.

and reserved the case for further hearing, with leave to the plaintiff to move for judgment upon the verdict, and to the defendant to move for a nonsuit.

Afterward the plaintiff moved the court at Special Term for judgment, and the defendant for a nonsuit. The plaintiff's motion was denied and a nonsuit granted, with directions that the verdict be set aside and a judgment of nonsuit entered; from this order the plaintiff appealed. The facts are stated in the opinion.

*Richardson & Adams,* for the appellants, cited *Burns* v. *Erben* (40 N. Y., 463); *Hopkins* v. *Grove* (7 C. & P., 573); 3 R. S., 5th ed., 972, 973, §§ 8, 9, 10; id., 1028, § 19; *The People* v. *Chase* (16 Barb., 495, 498); *March* v. *The People* (7 id., 391, 393, 421); *Lambert* v. *The People* (9 Cav., 578–625); 1 Chit. Cr. L., 169; 3 Dew., 91; 13 Wend., 317; 3 R. S., 5th ed., 993, § 3; 16 Barb., 498–500; *Wilson* v. *Robinson* (6 How., 110); *Lansing* v. *Case* (4 N. Y. Leg. Obs., 221); *Curry* v. *Pringle* (11 J. R., 444); *Von Latham* v. *Libby* (28 Barb., 339); 17 Abb., 237; *Campbell* v. *Ewart* (7 How., 399); *Wilson* v. *Robinson* (6 How., 110); *Green* v. *Rumsey* (2 Wend., 611); *Camput* v. *Fulton* (13 Abb., 276); *Brown* v *Chantry* (39 Barb., 253); *Castle* v. *Duryea* (32 id., 480); 2 Keyes, 169; 30 How. Pr., 591; *Binsse* v. *Wood* (37 N. Y., 526).

*Pomeroy & Southworth,* for the respondents, cited 3 R. S., 5th ed., 973, §§ 8, 10; 6 How., 110; 7 id., 339; 2 Blackford, 259; 3 Espinasse, 165; *Von Latham* v. *Libby* (38 Barb., 339).

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. In January, 1869, the defendant applied, upon oath, to a justice of the peace of Rome, in the county of Oneida, for a warrant to arrest the plaintiff for conspiring with J. A. White and Martin A. Cook to fraudulently procure the decree of the surrogate of Oneida county directing

the payment of a judgment in favor of the plaintiff against Wilgus, deceased, and which judgment the said White and Cook, administrators of said Wilgus, did fraudulently pay to the said plaintiff, after said decree, and which he, said Lewis, did fraudulently receive, being the sum of $11,000. The said justice issued a warrant for the arrest of said plaintiff, White and Martin, and the same was delivered to said defendant, who delivered the same to a constable, with directions to arrest the plaintiff; and the said constable did, by virtue thereof, arrest the said plaintiff in Carthage, Jefferson county, and carried him before said justice, who delayed proceedings on said warrant for some days, at the expiration of which time the said plaintiff gave his own recognizance to appear at the next Court of Oyer and Terminer to be held in said county of Oneida, and he was thereupon discharged. He did appear at the said next court of Oyer and Terminer, and the grand jury not finding any bill against the plaintiff he was discharged.

The complaint contains allegations that would either sustain an action for malicious prosecution or false imprisonment. The answer denies the complaint, and insists upon the legality of the warrant, and of the arrest by virtue of it, and, as a reason why a complaint was not made to the grand jury, that the district attorney told defendant that plaintiff had paid or recovered the debt, and that, in good faith, he believed the plaintiff guilty of the offence, as it had been proved against him on a trial before a referee, and so the referee found.

On the trial the plaintiff's counsel disclaimed the intention to further prosecute the action as one for malicious prosecution, but elected to treat it as one for false imprisonment.

By section 8, title 6, chapter 1, part 4 of the Revised Statutes, a conspiracy to cheat or defraud a person of any property by means which are in themselves criminal, or by any means which, if executed, would amount to a cheat, is declared to be a misdemeanor. The means charged are obtaining a false decree, and that, by virtue of such false judgment, the money was obtained of the estate of Wilgus. An

Lewis *v.* Rose.

overt act in pursuance of the conspiracy was thus alleged and proved.

It is not material to consider whether the facts sworn to before the justice were, in law, sufficient to establish the crime charged. It is enough that the justice so held, in order to protect the defendant. The justice was the officer authorized by law to entertain complaints for the violation of the criminal law, and it was his province and duty to ascertain whether a crime was proved to have been committed, and, if it was, to issue his warrant for the arrest of the offender.

The complainant is not answerable if the justice made a mistake in determining the question whether a crime had been committed, and whether there was probable cause to believe the person charged to be the one who committed it.

The warrant recites the complaint for conspiring to obtain by fraud the decree from the surrogate, and that the administrators did by fraud pay, and the plaintiff did by fraud receive moneys from the estate of Wilgus in fraud of certain creditors of said Wilgus, and commands the plaintiff's arrest.

The warrant is valid on its face. It may be that it should have contained a more full description of the crime imputed to the plaintiff. But it is enough if a crime is charged, although it be charged in general terms.

If the warrant was void and the defendant had directed the plaintiff's arrest, he might be liable. But merely delivering a warrant, believed to be valid, to an officer to execute it, does not render the person thus delivering it liable for false imprisonment.

The plaintiff was properly nonsuited. The judgment must therefore, be affirmed.

Judgment affirmed.