## NOWAK v. WALLER et al.

(Supreme Court, General Term, Second Department. May 12, 1890.)

1. FALSE IMPRISONMENT—WHO LIABLE—COMPLAINT.
   One who, without malice or bad faith, makes a statement before a magistrate of what he regards as constituting a criminal charge against plaintiff, but does not ask that a warrant issue, or take any part in its service, is not liable to an action for false imprisonment on the consequent arrest of plaintiff, though such arrest is not warranted by law or the facts of the case.

2. SAME—LIABILITY OF MAGISTRATE—IRREGULARITIES.
   A justice of the peace, having jurisdiction of the subject-matter, is not liable to an action of false imprisonment by a person arrested, merely because he made a mistake in failing to take an examination of the complainant, and to reduce the same to writing, as required by Code Crim. Proc. N. Y. § 148.

3. SAME—INSUFFICIENCY OF AFFIDAVIT—OPINION OF MAGISTRATE.
   The fact that the affidavit was not sufficient to authorize the issuance of the warrant did not render the constable executing it, and the complainant, liable to an action for false imprisonment, where the justice deemed the affidavit sufficient.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—OBJECTIONS WAIVED.
   By stipulating to appear at a future day for his own convenience, and receiving a parol, the party arrested waives the objection that he was not immediately taken before a magistrate.

Appeal from circuit court, Suffolk county.

Action for false imprisonment, brought by Anton Nowak against George F. Waller, George W. Jeffery, and Egbert Benjamin. Defendant Waller is a justice of the peace; the defendant Jeffrey, an overseer of the poor; and defendant Benjamin, a constable. The court dismissed the complaint as against all defendants. Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Andrew Heyman, for appellant. Timothy M. Griffing, for respondents Waller and Jeffrey. Wilmot M. Smith, for respondent Benjamin.

PRATT, J. Defendant Jeffrey went before the magistrate, Waller,· and made a statement of what he regarded as constituting a criminal charge. It does not appear that he made any false statement, or that he entertained any malice against the plaintiff, or that he asked that a warrant should issue, or that he gave any direction or took any part in its service. These facts did not make him liable to an action for false imprisonment. The justice was authorized by law to receive an information or complaint, and issue a warrant, in such a case; and it is not material whether the facts sworn to were in law sufficient to establish the crime attempted to be charged. We conclude, therefore, that defendant Jeffrey was not liable, and that the warrant was a protection to the constable, Benjamin.

The question as to defendant Waller requires a short statement in explanation of the decision to which we have arrived. The justice had jurisdiction of the subject-matter presented to him, to-wit, the arrest of persons charged with a violation of the excise laws. When the matter was presented to him, he was required to decide what was his duty respecting it. The general rule is that where a judge, who has jurisdiction of the subject-matter, errs in his judgment as to whether the facts presented do or do not confer jurisdiction, he is not liable to an action of false imprisonment by a person arrested through an error of judgment. Ayers v. Russell, 3 N. Y. Supp. 338. The justice here simply made a mistake in failing to take an examination of the complainant and the witnesses, and reducing the same to writing, as required by the Code of Criminal Procedure, (section 148.) The test seems to be that there is no liability to civil action if the act was done "in a matter within his jurisdiction." The case of People v. Nowak, 5 N. Y. Supp. 240, is cited by appellant as authority for reversing this judgment. In that case it was held simply that the affidavit was not sufficient to authorize the issuance of the warrant.

It is enough to protect both Benjamin and Jeffrey that the justice so held. *Lewis* v. *Rose*, 6 Lans. 209; *Gardner* v. *Bain*, 5 Lans. 257. It was no part of the duty of either of these defendants to examine the record made by the magistrate, and it was impracticable for them to do so. The warrant was regular upon its face. The mistake in the date injured no one. If a wrong direction was given by the magistrate as to its return and the production of the prisoner, it was not obeyed, as the constable made an amicable arrangement with the prisoner that he should appear upon the 21st of September before the justice, and was thereupon paroled. A party cannot, for his own benefit, make a stipulation to appear at a future day for his own convenience, and receive a parol, and then complain that he was not immediately taken before a magistrate. Judgment affirmed. All concur.