### DANIEL C. HEWITT, Appellant, *v.* MOSES NEWBURGER, Respondent.

While to constitute a crime it is not necessary in all cases that the person charged should know that the statute prohibits the act, where a particular intent is an ingredient, the mere doing of the prohibited act does not constitute the crime unless accompanied with the unlawful intent.

While the provision of the Penal Code defining the offense of intrusion on lands (§ 467) does not in terms make the intent a material element to constitute the offense, an unlawful and criminal intent must be alleged and proved.

When certain facts are to be proved to a court having only a special and limited jurisdiction as a basis of its action a total defect of evidence as to any essential fact renders its action void.

Plaintiff was arrested by virtue of a warrant issued by the recorder of the city of Amsterdam, upon information sworn to by defendant, based upon the provision of the Code of Criminal Procedure (§ 84) authorizing an information to be laid before a magistrate that a person has threatened to commit a crime against "the person or property of another." The information charged that plaintiff threatened to commit the crime of injuring property of a corporation named (Penal Code, §§ 639, 654), in that he threatened to tear down a wall then being erected thereon, and there was just reason to fear that he would tear down and demolish it. The warrant recited the facts substantially as stated in the information; neither alleged any unlawful or criminal intent. In an action for false imprisonment it appeared that defendant asked that the warrant be issued; he received and delivered it to the chief of police with a request that it be served "right away." After the arrest plaintiff was taken to the recorder's office, and thereafter, on motion of his counsel, the

proceeding was dismissed. *Held,* that the recorder acquired no juris-
diction, and so the warrant and all proceedings under it were absolutely
void; and that defendant was liable.
*Hewitt* v. *Newburger* (66 Hun, 230), reversed.

(Argued March 6, 1894; decided March 20, 1894.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered upon
an order made November 22, 1892, which affirmed a judg-
ment in favor of defendant entered upon an order dis-
missing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*Edward P. White* for appellant. The process was without
authority of law. The information did not allege any fact
tending to prove a crime or a threat to commit a crime.
(*Loomis* v. *Render*, 41 Hun, 268 ; Code Crim. Pro. §§ 84, 86,
99 ; Penal Code, §§ 639, 653, 654 ; *People* v. *Hart*, 24 How.
Pr. 289 ; *People* v. *Stephens*, 109 N. Y. 159 ; *Austin* v.
*Vrooman*, 128 id. 229 ; *Cagwin* v. *Town of Hancock*, 84 id.
541 ; *Warner* v. *Perry*, 14 Hun, 337 ; *Comfort* v. *Fulton*, 39
Barb. 56 ; *Blodgett* v. *Rice*, 18 Hun, 132 ; *Staples* v. *Fair-
child*, 3 N. Y. 41; *Potter* v. *Ogden*, 136 id. 396 ; *Lewis* v.
*Rose*, 6 Lans. 206 ; *Gardner* v. *Bain*, 5 id. 256 ; *Pratt* v.
*Bogardus*, 49 Barb. 89.) The defendant made himself liable
for the arrest. (137 N. Y. 394; *Miller* v. *Adams*, 52 id.
409 ; *Curry* v. *Pringle*, 11 Johns. 444 ; *Bigelow* v. *Stearns*,
19 id. 39 ; *Adkins* v. *Bremer*, 3 Cow. 206 ; *Murphy* v. *Kron*,
20 Abb. [N. C.] 259 ; *Von Latham* v. *Libby*, 38 Barb. 345 ;
*Carl* v. *Ayers*, 52 N. Y. 17; *Palmer* v. *Foley*, 71 id. 109 ;
*Marks* v. *Townsend*, 96 id. 599 ; *Fischer* v. *Langbein*, 103
id. 93 ; *Voltz* v. *Blackmar*, 64 id. 440.)

*Z. S. Westbrook* for respondent. The recorder had juris-
diction of the alleged offense of the plaintiff, and authority to
take the complaint and issue the warrant for his arrest. (Laws
of 1885, chap. 131, §§ 46–49.) The complaint for the

warrant on which plaintiff was arrested was lawfully sufficient to charge a threatened criminal offense. (Code Crim. Pro. §§ 84, 85, 87, 88, 89, 145, 148, 149, 150 ; Penal Code, §§ 639, 654 ; *Blodgett* v. *Race,* 18 Hun, 132 ; *Pratt* v. *Bogardus,* 49 Barb. 89.) The recorder having jurisdiction of the alleged offense he acted judicially, and no action for false imprisonment will lie for his acts, though he may have erred. (*Marks* v. *Townsend,* 97 N. Y. 590 ; *Fischer* v. *Langbien,* 103 id. 84 ; *Lange* v. *Benedict,* 73 id. 35 ; *Sleight* v. *Ogle,* 4 E. D. Smith, 445 ; *Bocock* v. *Cochran,* 32 Hun, 523 ; *Nowalk* v. *Waller,* 31 N. Y. S. R. 458 ; *Gardner* v. *Bain,* 5 Lans. 256 ; *Von Latham* v. *Libby,* 38 Barb. 339 ; *Lewis* v. *Rose,* 6 Lans. 209 ; *Landt* v. *Burton,* 19 Barb. 283, 289 ; *Pratt* v. *Bogardus,* 49 id. 89 ; *Beaty* v. *Perkins,* 6 Wend. 382 ; Penal Code, § 654 ; *Miller* v. *Adams,* 7 Lans. 131 ; 52 N. Y. 409 ; *Rodergas* v. *E. R. S. Bank,* 63 id. 464.) This action is strictly for false imprisonment. (*Brown* v. *Chadsey,* 39 Barb. 261, 263 ; *Burns* v. *Erben,* 40 N. Y. 466.)

BARTLETT, J. This is an appeal from a judgment of the general term of the Supreme Court, third department, affirming a judgment rendered at the Montgomery County Circuit dismissing the complaint. This action is to recover damages for an alleged false imprisonment. The plaintiff was arrested in the city of Amsterdam by virtue of a warrant issued upon an information sworn to by the defendant. The information alleged that "one Daniel Hewitt did threaten to commit the crime of injuring property belonging to the City Mills, a corporation in said city of Amsterdam, in that he threatened to tear down a wall now being erected by said corporation, and being the property thereof, and the same is being built for the purposes of a dam, and there is just reason to fear that the said Daniel C. Hewitt will tear down and demolish said wall, as he, the said Daniel C. Hewitt, hath, as above, threatened to do."

The warrant issued thereon by the recorder of the city of Amsterdam reads as follows, in its material part : "Information upon oath having this day been laid before me that the

crime of threatening to injure and destroy property in the city of Amsterdam, * * * in that Daniel C. Hewitt did on the 27th day of June, 1891, threaten to tear down and destroy a wall now being built in the said city by the City Mills, a corporation in the said city, and said wall being owned by said City Mills, and is being built for the purpose of a dam, and accusing the said Daniel C. Hewitt thereof. You are, therefore, commanded, etc." The plaintiff was arrested by virtue of this warrant on Saturday evening, detained in the recorder's office about two hours, was heard through counsel, who moved to dismiss the proceeding, the motion being granted the next Monday morning, the plaintiff having been allowed to go home in the meantime. This action is sought to be maintained on the ground that the process was without authority of law for the reason that neither the information nor the warrant charged the plaintiff with the commission of any crime, or with threatening to commit any crime, known to the law, and, consequently, the recorder acquired no jurisdiction in the alleged proceeding, and the defendant is liable in damages for the illegal arrest. The defendant's counsel seeks to meet this attack on the information and warrant by citing the sections of the Code of Criminal Procedure and Penal Code upon which the proceeding before the recorder was based. The information was sworn out under Code of Criminal Procedure, part II, title II, chapter II, entitled " Security to keep the Peace." Section 84 reads : "An information may be laid before any magistrate that a person has threatened to commit a crime against the person or property of another." The crime alleged to have been threatened is to be found in sections 639 and 654 of the Penal Code. Section 639 reads : "A person who willfully *or* maliciously displaces, removes, injures or destroys * * *. 2. A pier, boom or dam, lawfully erected or maintained upon any water within the state, or hoists any gate in or about said dam ; * * * is punishable by imprisonment for not more than two years." Section 654 provides that a person who unlawfully *and* willfully destroys or injures any real or personal property of another shall be punished by

fine and imprisonment as specified. It is not possible to hold under the most liberal rule of construction that the information in the case at bar contains allegations proper and sufficient to charge the plaintiff with having threatened to commit the crime set forth in either of the sections quoted. If it was the intention to have charged the plaintiff under said section 639 it should have been alleged that he willfully or maliciously threatened to do the act set forth ; or if the charge was under said section 654 it should have been averred that he unlawfully and willfully threatened to do the act specified. If plaintiff was proceeding under a claim of title and insisting that the wall of the City Mills was being erected on his own land, he committed no crime in threatening to remove it; there is nothing in the record to show whether he was acting lawfully or unlawfully. The *fatal vice* of the information and warrant is that they utterly fail to aver the unlawful and criminal intent which constitutes crime. In *People* v. *Stevens* (109 N. Y. 159, 163), Judge ANDREWS says :

" To constitute a trespass on land an indictable offense, the distinguishing feature is an unlawful and criminal intent. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury. (1 Hale's P. C. 509.) It is not necessary in all cases to constitute a crime that a defendant should know that the statute prohibits his act. It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But where a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent. The cases of larceny, receiving stolen goods, or passing counterfeit money are illustrations. The same act may in one case be larceny, or forgery, or a guilty reception of stolen property, and in another wholly innocent, depending on the intent. Section 467 of the Penal Code, defining the offense of intrusion on lands, does not, it is true, in terms make the intent a material element of the offense. But it cannot be supposed that the legislature intended to subject a person to criminal punish-

ment, as when, for example, there being a dispute between neighbors as to the line between them, one moves his fence on his neighbor's land under a *bona fide* though mistaken belief that he was placing it on the true line, or where a lot owner in a city or village, in erecting a building, encroaches innocently, although without authority, upon the street. Yet· both of these cases are within the letter of· the statute, but manifestly they are not within·the statute, because, looking at the reason of the thing, the ineffaceable distinction between innocence and crime, and the antecedent law, the existence of a criminal intent, as a necessary constituent of the offense, must be implied."

In the case of *Wass* v. *Stephens* (128 N. Y. at page 128) Judge Andrews thus defines the word " willfully." " But the word 'willfully' in the statute means something more than a voluntary act, and more also than an intentional act which in fact is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or. one committed out of mere wantonness or lawlessness." The wrongful purpose, the design to injure, the motive of lawlessness or wantonness are all lacking in the information against plaintiff which was laid before the recorder and upon which the warrant issued. This being so, the act of the recorder was wholly without jurisdiction and the warrant and all proceedings under it were absolutely void. This principle is recognized in *Potter* v. *Ogden* (136 N. Y. at page 396). Judge Finch says : " It is well settled that, when certain facts are to be proved to a court having only a special and limited jurisdiction as a basis for its action, a total defect of evidence as to any essential fact will make its action void, while some proof of every such fact may enable it to proceed." In the case at bar there was no proof of the essential facts. (*Curry* v. *Pringle*, 11 Johns. 444 ; *Bigelow* v. *Stearns*, 19 id. 39 ; *Murphy* v. *Kron*, 20 Abb. [N. C.] 259.) This process being void the defendant is liable ; the evidence shows him to have been active and officious in procuring this arrest ; he went to the office of the recorder and said he wanted a

warrant for the arrest of plaintiff; he stated the facts, swore to this information, procured the warrant, handed it to the chief of police, said he wanted it served "right away," offered to provide "a rig" to go to plaintiff's house, and sent his son later to inform the officer where he could and did find plaintiff in a certain store at Amsterdam. All these circumstances establish defendant's liability, and it was for the jury to determine what damages, if any, the plaintiff had suffered in the premises.

The judgment should be reversed, new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.