ANTHONY VITTERIO, Respondent, *v.* ST. REGIS PAPER COMPANY, Appellant.

*Action for false imprisonment — damages.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Jefferson county clerk's office February 1, 1921, and also from an order entered February 5, 1921, denying a motion for a new trial made upon the minutes.

PER CURIAM: We think that neither information was sufficient to give the justice jurisdiction to issue the warrant, and that the plaintiff made out a cause of action against the defendant, upon the theory that it instigated and carried forward the proceedings, but we are of the opinion that the amount of damages awarded is excessive. No damages should be allowed except such as arose from the unlawful imprisonment. The testimony that the plaintiff paid $350 for attorney's fees and cigars was clearly incompetent and should not have been received. All concur, Davis, J., in result, in a separate memorandum.

DAVIS, J. (concurring): I concur for reversal, but differ in some respects from a majority of the court on the grounds for reaching that conclusion. It is sought to hold defendant liable in damages for false imprisonment where its agent laid before a justice of the peace facts sufficient to charge plaintiff with a crime, and the justice committed errors in drafting the information and issuing the warrant. The defendant was not responsible for the lack of legal skill or errors in judgment of the magistrate in a case where he had jurisdiction to issue a

warrant. (*Marks* v. *Townsend*, 97 N. Y. 590; *Swart* v. *Rickard*, 148 id. 264; *Gardner* v. *Bain*, 5 Lans. 256; *Von Latham* v. *Libby*, 38 Barb. 339; *Smith* v. *Bell & Fyfe Foundry Co.*, 127 App. Div. 278; *Brown* v. *Chadsey*, 39 Barb. 253; 25 C. J. 479.) An action may be maintained for malicious prosecution on certain facts where none will lie for false imprisonment. (*Gilbert* v. *Satterlee*, 101 App. Div. 313.) In an offense against the public, it is usually where the complainant shows undue zeal in participation in making the arrest that liability follows. (*Hewitt* v. *Newburger*, 141 N. Y. 538; *Loomis* v. *Render*, 41 Hun, 268; *McCaskey* v. *Garrett*, 91 Mo. App. 354; 25 C. J. 481.) Such facts were not established in this case. Judgment and order reversed upon the law and the facts and new trial granted, with costs to appellant to abide event.