RAYMOND REGAN, Respondent, *v.* WILLIAM P. MORGAN and Another, Appellants.

Fourth Department, January 7, 1925.

False imprisonment — causing arrest — house of defendants, husband and wife, was burglarized — wife insisted that police arrest plaintiff and accompanied him and officers to police station — arrest was made without warrant — wife was cause of arrest and is liable — husband did not participate except to report burglary — husband is not liable — evidence does not show that wife acted as agent for husband — verdict of $850 not excessive.

In an action for false imprisonment, based on the arrest of the plaintiff without a warrant, for the burglary of the house of the defendants, who are husband and wife, it must be held that the wife instigated the arrest of the plaintiff, since it appears that after the burglary had been reported to the police she accompanied the officers to her husband's office and there in the presence of the police and others, accused the plaintiff of committing the crime and vehemently insisted that the officers arrest the plaintiff and take him to the police station, and that she accompanied the officers to the station for the purpose of prosecution, where the plaintiff was released from arrest after he had been detained a few hours.

The evidence does not show that the husband took any part in the arrest of the plaintiff other than to report the burglary and to tell the police where they could find the plaintiff, and the fact that he was present at his office when the plaintiff was arrested does not make him responsible for the arrest, since it appears that he took no part in the conversation at that time and later telephoned the police to release the plaintiff as there was no complaint against him.

The evidence does not establish that the wife was acting for the husband in demanding the arrest of the plaintiff.

In view of the circumstances attending the plaintiff's arrest, and the public accusation made against him by the wife in her husband's office and during the trip to the police station and while at the police station, a verdict of $850 is not excessive.

APPEAL by the defendants, William P. Morgan and another, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Erie on the 11th day of July, 1924, upon the verdict of a jury for $850, and also from an order entered in said clerk's office on the same day denying the defendants' motion for a new trial made upon the minutes.

*Ruthven & Arbury* [*R. Stanley Ruthven* of counsel], for the appellants.

*Franklin R. Brown* [*M. Edwin Merwin* of counsel], for the respondent.

TAYLOR, J.:

Defendants are husband and wife, and at the time hereinafter mentioned plaintiff was the employee of defendant William P. Morgan. In May, 1921, defendants moved their household goods from one house to another in the city of Buffalo, plaintiff assisting in the work. About two months thereafter the house into which the goods had been moved was burglarized and some liquor stolen. The police were informed and after various conferences and transactions plaintiff was taken into custody without a warrant by police officers, held at a police station in Buffalo for several hours and then released. In an action for damages for false imprisonment plaintiff has recovered a verdict for $850 against both defendants and they appeal. Defendants admit that there was a false arrest and make no claim of justification through probable cause. The matter of punitive damages is not in the case, it being conceded that the damages awarded were all compensatory. The only questions before us are: (a) Did either defendant or both defendants instigate the arrest? (b) Are the damages excessive?

To warrant a judgment for plaintiff in an action for false arrest it must appear that the defendant either wrongfully and without warrant of law arrested the plaintiff himself or caused it to be done by another. When the taking into custody is caused indirectly, the defendant may be found liable if he has expressly ordered it, or, for example, if he " shows undue zeal " (*Vitterio* v. *St. Regis Paper Co.*, 202 App. Div. 775), or been " active and officious " (*Hewitt* v. *Newburger*, 141 N. Y. 538, 543) in bringing about the arrest.

In the instant case there is testimony to the effect that the defendant Mary A. Morgan accompanied the police officers to her husband's office; that in the presence of the police she shook her finger at the plaintiff and told him to confess; that she told the police to " take him [plaintiff] away; " said that " we got the goods on you," and to " take me [plaintiff] out; " that " they [the police] would make me [plaintiff] talk down there; " said in the presence of a number of people she " was sorry that I [plaintiff] would steal that whiskey; " that she " had clairvoyant powers and that she saw me

[plaintiff] take it;" and after the detectives had laid hands on plaintiff a second time, she told them to take him out and put him into the car (driven by one of the police officers); that she accompanied the officers and plaintiff to the police station, saying to plaintiff that he had better confess and make it easier for himself; that " when they [the police] get you up to the station house you will probably be made to talk;" that at the police station plaintiff was repeatedly assaulted by the officers in the presence of said defendant, who made no protests. This testimony seems to have given the jury full warrant to find that within the rule above stated defendant Mary A. Morgan did more than merely give information to the police, and that she participated in the false arrest of plaintiff to an extent sufficient to authorize a verdict against her.

As to defendant William P. Morgan the facts are different. While he reported the burglary to the police and told them where they could find plaintiff and was present during a part of the transactions at his office, plaintiff admits that said defendant did not say anything there. He did not accompany plaintiff to the police station. While he was at the police station for a short time in the middle of the afternoon, it is not claimed that he gave any directions or saw any assaults; and his claim is not denied that around five o'clock P. M. he told the officers that he had no charges against plaintiff, that he never asked them to hold plaintiff and that he requested the officers to let him out. This falls far short of being sufficient to hold William P. Morgan liable as a participant in or an instigator of plaintiff's arrest. *Tanzer* v. *Breen* (139 App. Div. 10) is in point. In that case defendant was State Superintendent of Elections. He went so far as to direct his deputy to lay an information against plaintiff and to present a third person's affidavit to the magistrate. The latter issued a warrant which was held void because the statements in the basic paper were on information and belief only; and the defendant was discharged. In an action for damages for false arrest the complaint was dismissed.

Plaintiff intimates that the defendants were engaged in a joint enterprise or that the wife acted both for herself and as agent for her husband. There is nothing in the circumstances developed or in the situation, including the fact that defendants are husband and wife, to warrant any such conclusion.

There is complaint as to the amount of compensatory damages awarded. There is no precise measure in cases like this. It is the rule that the estimate of damages by a jury will not be disturbed on appeal unless the verdict is so excessive as to indicate that the jury were influenced by prejudice, passion or the like. Plaintiff was taken down into the lobby of one of Buffalo's main office

buildings by one of the officers and there in the presence of people going in and out the defendant Mary A. Morgan was talking in a loud voice and saying she was sorry the plaintiff would steal whisky; the plaintiff was held in custody in the police station for several hours, and while there, as he testifies, was assaulted with considerable severity by the police. As to this assault, the court charged correctly and to the evident satisfaction of defendants, that the defendants would be liable only for unreasonable conduct of the officers acting under defendants' directions. We find that the amount of the verdict does not import inappropriate motives in the jury, and that it should not be reduced.

As to defendant Mary A. Morgan, the judgment should be affirmed, with costs; and as to defendant William P. Morgan, it should be reversed and the complaint dismissed, but without costs.

HUBBS, P. J., CLARK and CROUCH, JJ., concur; DAVIS, J., concurs in result.

As to the defendant Mary A. Morgan, the judgment and order are affirmed, with costs. As to the defendant William P. Morgan, the judgment and order are reversed on the law and facts, and the complaint is dismissed as to him, without costs.