VON LATHAM *vs.* LIBBY and ROWAN.

Where one makes a complaint before a police magistrate on a subject matter over which the magistrate has a general jurisdiction, and the magistrate thereupon issues a warrant, upon which the party complained of is arrested, the complainant is not liable, in an action for false imprisonment, although the facts stated in the complaint do not constitute a criminal offense, so as to give the magistrate authority to act in the particular case.

Where a party applying to a magistrate, having general jurisdiction of the subject matter, for a warrant of arrest, under the act of April 13, 1857, "to punish nuisances and malicious trespasses on lands," does no more than to state his case to the magistrate, in an affidavit, without bad faith or malice, he is not liable for the consequent action of the magistrate, even though it be erroneous.

APPEAL from a judgment of the city court of Brooklyn, and from an order subsequently made by that court, denying the defendants' motion for a new trial. The complaint alleged that on the 5th day of February, 1862, the defendants, at the city of Brooklyn, wrongfully and maliciously contriving and conspiring together to injure the plaintiff, caused and procured a warrant to be issued against and for the apprehension of the plaintiff, by William M. Boerum, Esq., a justice of the peace of said city, and for the purpose of procuring said warrant, and to subject the plaintiff to arrest and imprisonment thereunder, in pursuance of said contrivance and conspiracy, one of said defendants falsely made oath before said justice that in the month of November, 1861, at the city of Brooklyn, in the county of Kings, the plaintiff did unlawfully intrude, enter upon and take possession of the house situated and known as No. 12 Huntington street, in said city, without license or authority of William P. Libby, the owner thereof; and that said plaintiff had occupied and still continued to occupy said house, without the authority of the owner thereof, in violation of the statute in such cases made and provided; whereupon the said justice issued his warrant in due form of law against the plaintiff to an officer of the metropolitan police, who thereupon, in pursuance of the requirements thereof,

arrested and imprisoned the plaintiff, and forced and compelled the plaintiff to go in custody as such prisoner, through a great many public streets and places in said city, to a certain police station house, building or prison, and there kept, detained and imprisoned the plaintiff for a long space of time, and took and compelled him to go before said justice, where the plaintiff was kept, detained and imprisoned in a public court room for a long space of time ; that the plaintiff was forced and compelled on subsequent and other days and times to appear before said justice, for examination on said charge, which was finally dismissed by said justice, the defendants failing to appear and prosecute and sustain said charge, and the plaintiff was discharged therefrom. The plaintiff further charged that said charge was false and untrue ; that there was no reasonable or probable cause therefor, or for the arrest, imprisonment and arraignment of the plaintiff, and the defendants well knew the same. That by reason of said charge, arrest and imprisonment, and the publication by the defendants thereof in a public newspaper, the plaintiff was greatly harassed and annoyed, and was damaged and injured in his good name and reputation, and in his rights and feelings, and was subject and held up to public scorn, infamy and disgrace, to his damage, &c.

The defendants, by their answer, admitted that they procured a warrant to be issued against the plaintiff, and that he was arrested by virtue thereof, and brought before Justice Boerum, as in the complaint alleged ; but the defendants denied that the plaintiff was otherwise imprisoned under such warrant, or that the defendants unlawfully or maliciously, or by means of any false affidavit, or any conspiracy, procured the same to be issued. They averred that the facts set forth in the affidavit, upon which said warrant was founded, were true. That the defendant Libby was the owner of the premises referred to in the complaint at the time the plaintiff entered upon the same, and at the time the warrant was issued, or was entitled to the pos-

Von Latham *v.* Libby.

session thereof, and that the plaintiff unlawfully and wrongfully entered into and obtained possession of said premises without the consent or authority of the defendants. The defendants denied every other allegation in the said complaint.

This action came on to trial before the city judge of Brooklyn and a jury, at the May term, 1862. The case having been opened by the counsel for the plaintiff, the counsel for the defendant moved the court to compel the plaintiff to elect whether he would proceed for false imprisonment or for a malicious prosecution. The court denied the motion. When the plaintiff rested, the defendants' counsel again moved the court to compel the plaintiff to elect which cause of action he would abide by. The court overruled the motion on the ground that by the proof the plaintiff rested his case on the ground of false imprisonment. The counsel for the defendants excepted. The counsel for the defendants then moved the court to dismiss the complaint, and for a nonsuit, upon the following grounds, namely: That the justice who issued the warrant had jurisdiction of the subject matter of the complaint ; that the facts set forth in the affidavit were legal evidence and tended to make out a proper case, and the justice having decided that they made out a criminal offense and issued his warrant accordingly, such decision was conclusive, until revoked, and afforded a protection to the defendants. That the defendants having stated their case to the magistrate, and thereby merely put the court in motion, were not liable, in the absence of evidence that such statement was untrue or made in bad faith, or maliciously. The court denied the motion, and the counsel for the defendants excepted. The court charged the jury that the plaintiff had made out a cause of action for false imprisonment, and the only question for them to determine was the amount of damages ; that the plaintiff was entitled to full compensation for the injuries actually sustained by him ; that the jury might look into the evidence to ascer-

tain whether the defendants were actuated by malicious motives towards the plaintiff, and if they believed the defendants were so actuated, they might give damages beyond the amount of injury actually sustained by the plaintiff by way of punishing the defendants, and that the amount of exemplary damages was within the discretion of the jury, to be reasonably and carefully exercised. The counsel for the defendants excepted to that portion of the charge which submitted to the jury the question whether the defendants were actuated by malicious motives. The jury rendered a verdict for the plaintiff, and assessed his damages at one thousand dollars. Thereupon the defendants moved at the same time for a new trial upon the minutes of the court, upon the following grounds, viz : 1st. That the defendants were not liable, for the reasons stated on the motion for a nonsuit. 2d. That the injuries sustained by the plaintiff were at most caused by the mistake of themselves and the magistrate, and the plaintiff was entitled only to the damages proved by him, and that the evidence did not warrant a verdict for so large an amount. 3d. That the damages were grossly excessive. The court denied the motion, with costs.

*J. W. Gilbert,* for the appellants.

*James Troy,* for the respondent.

*By the Court,* Emott, J. The complaint in this case seems to have been framed to state a cause of action for malicious prosecution, and the answer was probably drawn to meet such a case. At the trial, however, by the ruling of the judge, and apparently without objection by either party, the action was considered and tried as if brought for false imprisonment. The defendants' counsel insisted, at the outset, that the plaintiff should be compelled to elect whether he would proceed for false imprisonment or for malicious prosecution. Such

Von Latham *v.* Libby.

an election, although refused by the judge at that stage of the trial, was in effect made by him for the party at the close of the testimony, when he is stated to have decided that the action rested on the ground of false imprisonment. The defendants' counsel did not except to this ruling, although he did except to the refusal to compel an election. The judge afterwards charged the jury that the plaintiff had made out a cause of action for false imprisonment, and to this instruction the defendants' counsel did not except. He also left it to the jury to determine, from the evidence, whether the defendants were actuated by malicious motives; adding that if the jury thought they were, they might give smart money, in the verdict against them. The defendants' counsel excepted to the submission of the question of malice to the jury, but he evidently did so with reference to its effect upon the question of damages, assuming that if there was no proof of actual malice, the plaintiff, although entitled to a verdict, should have recovered, for his unlawful imprisonment, his actual damages. Upon the theory, however, that the action was for a malicious prosecution, proof of actual malice was vital to the support of the action, and not merely to the question of damages. The question of malice, in such cases, is always a question of fact, and must be submitted to the jury, while a want of probable cause, which is equally essential to sustain such an action, is to be determined by the court as a question of law. In the present case the theory of an action for a malicious prosecution seems to have been abandoned by both parties, the plaintiff going for a false imprisonment under the intimation of the court, and the defendants omitting to ask for any ruling or instruction, or to take any exceptions which would raise the question whether a case of malicious prosecution was made out. I shall not therefore consider how far the evidence would sustain an action for malicious prosecution, or what disposition should be made of the various questions which might arise upon this evidence, if applied to such an action. The exception which has just been no-

ticed to the remark of the judge that the jury might look into the evidence for proof of malice, would require some consideration upon the question of damages, if an action for false imprisonment will lie upon the facts here disclosed; but it will not be material to discuss that question until the liability of the defendants in such a form of action is first decided.

The only exception at the trial which can present this question is that taken to the refusal to nonsuit the plaintiff. The same question may possibly be presented by the motion for a new trial upon the minutes, although here the defendants would be embarrassed by the fact that a direct instruction to the jury that the action would lie was not excepted to; so that after all, upon the motion as well as upon this appeal, they must rely upon their motion for a nonsuit.

The facts in the case are few and undisputed. The defendant Libby was the owner of a house and lot in the city of Brooklyn, and the defendant Rowan seems to have been his agent. On the 5th day of February, 1862, Rowan made an affidavit before a police magistrate that the plaintiff had unlawfully intruded into and taken possession of the house owned by the defendant Libby, without his authority. Upon this affidavit the magistrate issued a warrant reciting the charge, and commanding the arrest of the plaintiff to answer it as a violation of the statute in such case. The plaintiff was arrested, and pleaded to the charge. He was suffered to go upon his own promise to appear, Rowan appearing against him. The case was adjourned three times, and upon the last hearing, Rowan not appearing, the complaint was dismissed and the plaintiff discharged. It will be seen that there is no proof connecting the defendant Libby directly with the transaction; and all that there is in the case to make him liable to the plaintiff in an action for false imprisonment, is the admission in the answer that he as well as the defendant Rowan procured the warrant to be issued upon which the plaintiff was arrested, and the fact appearing in the proceedings before the justice, that Libby was the owner

of the house into which the plaintiff was charged with intruding.

The statute under which the proceedings against the plaintiff was taken is chapter 396 of the laws of 1857. (*Laws of 1857, vol.* 1, *p.* 805.) The first section of this act provides, among other things, that any person who should thereafter intrude upon any lot or piece of land situate within the bounds of any incorporated city or village, without the consent of the owner thereof, shall be deemed guilty of a misdemeanor. It is not disputed that the magistrate to whom the complaint was made, had general criminal jurisdiction to issue process for the arrest of persons charged with any crime or misdemeanor of whatever degree, nor that he had jurisdiction to try and to convict the plaintiff if he were guilty of an offense under this statute. The difficulty in the proceedings of the defendants which caused the complaint to be dismissed, seems to have been that the plaintiff was charged with intruding into a *house* and not upon a *lot of land,* and that Libby was not stated in the complaint or warrant to be the owner of any lot or piece of land. It is therefore contended that neither the affidavit nor the warrant states or shows the commission of any offense by the plaintiff, and for this reason the present defendants were held liable upon the trial of the present suit, for false imprisonment in the plaintiff's arrest.

The only connection of the defendants with the arrest or detention of the plaintiff, assuming that Libby is responsible in the same manner as Rowan, and for all his acts, is that they stated their case to the magistrate, charging the plaintiff with a misdemeanor upon the facts which they swore to, and asked for his arrest. The answer indeed states that they " procured the warrant to be issued," but as this answer was probably drawn to meet a charge of malicious prosecution, I think its statements and admissions should be conformed to or construed by the evidence, and not made the ground of a liability more extended than the proof warrants. There is

no evidence of any undue interference to procure an arrest of the plaintiff, or of any thing more than a statement of the case to the magistrate, upon oath. The defendants are not shown to have participated personally in the arrest. Rowan appeared at two or three hearings before the magistrate to support it, but finally abandoned it, or for some reason failed to appear, and the case was dismissed by the justice.

It must be allowed that there is some uncertainty in the decisions, or perhaps in the language of judges, especially in our own courts, and in some recent cases, with reference to a question of this nature. In *Wilson* v. *Robinson* (6 *How. Pr. R.* 110) an answer to an action for false imprisonment, alleging that the defendant made a certain complaint to a magistrate averring a particular state of facts, upon affidavit, upon which the magistrate issued a warrant and the defendant was arrested, which was the imprisonment complained of, was held insufficient, upon demurrer. The argument was at special term, and the judge remarks that no criminal offense was charged in the affidavit or warrant, and none was pretended to have been committed. A case may undoubtedly be supposed where a complaint should be made and a warrant issued for an act plainly lawful. Such a proceeding could hardly be in good faith, and it is not necessary now to say that any one concerned in any way in such an arrest could not be sued for false imprisonment. But if this case would hold that a party who made a complaint to a magistrate in good faith charging a clearly criminal offense, would be liable for a consequent arrest made by the direction of the magistrate, because the facts stated or proved did not make out the offense, I should hesitate to accept the rule. The case of *Comfort* v. *Fulton* (13 *Abb.* 276) does not seem to have been very carefully considered. The action of false imprisonment could undoubtedly be sustained in such a case as that, upon the last ground intimated by Judge GOULD, that the defendants were conspicuous actors in the imprisonment of the plaintiff.

Von Latham *v.* Libby.

There is another class of cases in which officers having a peculiar and limited jurisdiction to issue process of a special nature in certain cases, having arrested individuals by such process in cases not within such authority or jurisdiction, both the officers and the parties obtaining the process have been held liable for false imprisonment. Thus in *Curry* v. *Pringle* (11 *John.* 444) the defendant procured from a justice a warrant instead of a summons, without any oath of the facts which would authorize the justice to issue a warrant, and when the plaintiff was not liable to arrest under the statute. So in *Bissell* v. *Gold*, (1 *Wend.* 210,) and in *Rogers* v. *Mulliner*, (6 *id.* 597.) But these were instances where the jurisdiction of the officer to issue such a process was special, and confined to cases which were brought within the statute creating it, and where no steps being taken to give or to show such a jurisdiction, the proceeding was absolutely without any authority or color of justification. *Vandenburgh* v. *Hendricks* (17 *Barb.* 179) was a case of a similar nature against a defendant who had taken out a warrant under the non-imprisonment or fraudulent debtor act, upon an affidavit which was wholly insufficient to give the officer jurisdiction or authority to act. These cases are distinguishable from the present, because here the magistrate had a general jurisdiction of the subject matter, to wit, arrests of persons charged with crimes, and of the person of the accused. The affidavit of Rowan showed a wrongful act on the part of the plaintiff, which he claimed was 'an offense under the statute. Rowan is not shown to have done more than to state his case to the magistrate. There is nothing in the evidence to impute bad faith to him; nor do I find any evidence of actual malicious motives on his part. He may have been mistaken in supposing that the facts which he stated constituted an offense against the act referred to, or he may have omitted to state in his affidavit some fact which was necessary to constitute such an offense. But so long as he did no more than to state his case, and that without bad

faith or malice, he was not in my opinion liable for the consequent action of the magistrate, even if it were' erroneous. I do not say that he would be exempt from liability if he was shown to have acted maliciously and in bad faith, although the character and extent of his liability would present another question; but an erroneous view of the law or of his rights would not of itself convict him of bad faith. If his liability to an action depended upon his maliciousness and bad faith, that should have been submitted to a jury as the principal question, and there should be, as I have said, something more in the case to show it than the insufficiency of his allegations to establish the commission of a criminal offense. If the defendants had actively and personally participated in the arrest of the plaintiff a different rule would apply, as it would also if the act charged by them against the plaintiff had been clearly lawful and innocent. But I am not prepared to admit the doctrine that a party who merely states his case to a magistrate, complaining of a wrongful act as criminal, is liable to an action for false imprisonment if the magistrate upon that statement issues process which in the event cannot be justified by the law or the facts of the case.

The contrary rule has been expressly asserted by the highest authority in the English courts. Thus, in *Carratt* v. *Morley*, (1 *A. & E., N. S.* 18,) Morley sued Carratt, and obtained judgment by default and process against him in a court of requests, when his residence was in a wapentake which was expressly exempted from the jurisdiction of the court. Carrat afterwards brought false imprisonment against Morley, the commissioners of the court of requests who signed the warrant, and the officer who arrested him. The court of king's bench held that the commissioners and the officer were liable, but Morley, the plaintiff, was not; and Lord Denman said, " a party who merely originates a suit by stating his case to a court of justice is not guilty of trespass, though the proceedings should be erroneous or without jurisdiction." In *Barber* v. *Rollinson*, (1 *Cr. & M.* 330,) the defendant laid an information against the

plaintiff charging him with a felony.   Upon his arrest he was dismissed by the magistrate, on his promise to appear in a week.   As he was leaving, the defendant interposed another charge, and he was again put to the bar and held under a similar promise.   No foundation existed for the charges, and they were dismissed.   But Lord Lyndhurst and the court of exchequer held that the defendant could not be made responsible for false imprisonment.   In *West* v. *Smallwood,* (3 *M. & W.* 418,) Lord Abinger laid down the rule with great distinctness.   That was a case quite similar to the present.   The plaintiff was a builder; a dispute arose between him and the defendant for whom he was building; the plaintiff ceased work, and the defendant lodged a complaint with a magistrate and had him arrested under a special statute, known as the master and servant act.   On a hearing the complaint was dismissed, the case not being within the act.   The plaintiff then sued in trespass for false imprisonment, but was nonsuited at the trial.   The nonsuit was sustained by the court of exchequer, and Lord Ch. B. Abinger said: " When a magistrate has general jurisdiction over the subject matter, and a party goes before him and lays a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action on the case if he has acted maliciously." Equally strong is the doctrine of the judges of the common pleas in *Brown* v. *Chapman,* (6 *Man., Gr. & Sc.* 365,) which was a case where an arrest had been made which was not justified by the facts.   The court say: " The acts of the defendant appear to us no more than calling on the magistrate to exercise his jurisdiction;" and adds: " If an individual prefers a complaint to a magistrate, and procures a warrant to be granted, upon which the accused is taken into custody, the complainant in such case is not liable in trespass for the imprisonment; and that, although the magistrate had no

jurisdiction." A similar principle was applied by the supreme court of this state, in *Stewart* v. *Hawley*, (21 *Wend.* 552.) A justice of the peace issued a warrant, and an officer arrested the plaintiff, for what was charged to be a violation of the act for the observance of Sunday. It was held that although the facts stated did not constitute such an offense, yet the magistrate and the officer were protected and could not be made responsible in trespass, but only for a malicious prosecution, if it were such. The rule as to the liability of a complainant in cases where the complaint is insufficient or unfounded, must be the same; and this is the rule, whether the error or the failure to sustain the charge of a criminal offense, be upon the law or the facts. If a man in good faith prefers a charge against another, upon which a magistrate causes his arrest, and the complainant fails to substantiate his charge by the evidence, he certainly is not liable to an action for false imprisonment. He is no more liable to such an action when he simply states the facts, and states them correctly to a magistrate having jurisdiction to arrest for the offense charged, and of the person accused, and the magistrate incorrectly concludes that an offense was committed, and so orders an arrest, which is subsequently terminated by the discharge of the accused because the magistrate was in error as to the law, and the facts did not constitute a crime. Any other rule would be most hazardous to innocent parties, who could never venture to make a criminal complaint without incurring the risk of an action for the arrest, if they were either mistaken as to the facts, or ill advised upon the law.

The general principle stated in the case of *The Marshalsea*, (10 *Rep.* 65, 76,) is not at variance with the views which have now been indicated. "Where a court," it is said by this venerable authority, "has jurisdiction of the cause, but proceeds '*inverso ordine*,' or erroneously, the party who sues, or the officer who executes the process or precept of the court, no action lies against them. But when the court has not

Von Latham *v.* Libby.

jurisdiction of the cause the whole proceeding is *coram non judice,* and actions will lie against them without any regard of the precept or process." In the case of a criminal complaint to a competent magistrate, such an officer has jurisdiction of the cause. His jurisdiction does not depend upon any special condition precedent to his power to issue process, but is general, as that of a civil tribunal. He is to determine whether sufficient grounds exist in law and fact to arrest any person charged by another with a criminal offense. If such a magistrate determine to make, and proceed to direct such an arrest, a party who has merely stated the case to the magistrate is not a trespasser, although the arrest should be wholly unjustifiable in law or in fact.

In the present case the defendants were held liable to an action for false imprisonment because the facts which they stated to the justice did not constitute a ciriminal offense, and the latter erroneously held that they did, and thereupon arrested the defendant. I am of opinion that this would not sustain such an action; and that the very capable lawyer who presides in the city court of Brooklyn fell into an error in holding the defendants liable for false imprisonment, and refusing the nonsuit which was asked.

The judgment should be reversed and a new trial ordered in the city court.

[ORANGE GENERAL TERM, September 8, 1862. *Emott, Brown* and *Lott,* Justices.]