SMITH v. BRADHURST et al.

(Supreme Court, Special Term, New York County. November, 1896.)

1. SPECIFIC PERFORMANCE—INDEFINITE CONTRACT.
Plaintiff sued to recover $100,000 for alienation of her husband's affections. Pending trial, plaintiff's and defendant's attorneys tried to settle the suit, and signed the following memorandum: "In cash, $2,500; one year, $8,000. The $8,000 is to be secured by a note of B. [husband of defendant in the damage suit] and a mortgage on the undivided interest of B. in the estate of T. C. B., deceased, which is subject to $3,000 already borrowed on it." Held, that the contract was too uncertain to support an action for specific performance.

2. EVIDENCE—ADMISSIONS BY ATTORNEY.
Statements made by an attorney out of court, in conversation with opposing counsel, relating to a pending suit, are inadmissible against his client.

3. ATTORNEYS—AUTHORITY—SETTLEMENT OF ACTIONS.
An attorney cannot, without authorization of his client, compromise a lawsuit, or bind his client by an agreement to settle.

Action by Mary Edna Smith against Charles C. Bradhurst and others on an alleged contract. Complaint dismissed.

Birdseye & Birdseye, for plaintiff.

William J. O'Leary, Charles A. Jackson, and William Fullerton, for defendants.

DAVY, J. It appears, from the evidence in this case, that in 1891 the plaintiff brought suit against Catherine A. Bradhurst to recover $100,000 for alienating her husband's affections. In that

suit Birdseye & Birdseye were attorneys for the plaintiff, and James O'Leary was the attorney for the defendant, and Ex-Judge William Fullerton was associated with him as counsel. On the 23d day of December, 1891, Judge Fullerton and Clarence F. Birdseye, one of the plaintiff's attorneys, undertook to bring about a settlement of the suit, and, after several interviews, a memorandum was initialed by them in the words and figures following:

"In cash, $2,500; one year, $8,000. The $8,000 is to be secured by a note of C. C. Bradhurst, and a mortgage on the undivided interest of Charles C. Bradhurst in the estate of Thomas C. Bradhurst, deceased, which is subject to $3,000 already borrowed on it.          W. F.
                                                                "C. F. B."

This action is brought to enforce the specific performance of this contract. The defendants offered no evidence on the trial, and the question now arises whether the testimony introduced by the plaintiff is sufficient to entitle her to the relief demanded in the complaint.

It seems to me that this contract is too uncertain in its terms to base an action upon against these defendants for its specific performance. It does not express the obligations and duties of both parties. In fact, it leaves everything unprovided for, and to be supplied by parol evidence. In Stanton v. Miller, 58 N. Y. 200, Andrews, J., says:

"It is an elementary principle, governing courts of equity in the exercise of jurisprudence, that a contract will not be specifically enforced unless it is certain in its terms, or can be made certain by reference to such extrinsic facts as may, within the rule of law, be referred to, to ascertain its meaning."

From the evidence in this case it would be extremely difficult to determine what the precise terms of the alleged contract were.

The learned counsel for the plaintiff contends that the written contract, taken in connection with the parol agreement made with Judge Fullerton, is sufficient to establish the defendant's liability, and that, when he initialed the memorandum, he was acting, not only as counsel for Mrs. Bradhurst, but as agent for her husband, Charles C. Bradhurst. The rule is too well settled and familiar to require comment, that unless the relation of principal and agent existed between the defendant Bradhurst and Judge Fullerton, and he was authorized to make the contract in question, it certainly could not bind him, unless he subsequently assumed its obligations. It is usual and customary for a party who has authority as agent to execute a contract for his principal to do it in such a manner as to show that it is the act of the principal, through him as agent. I am unable to reach the conclusion, from the evidence, that Judge Fullerton was authorized by Mr. Bradhurst to sign the written agreement, or to execute the mortgage or note therein referred to, or to conduct the subsequent negotiations that took place between him and the attorney for the plaintiff, or to make any independent, collateral, oral agreement. If there was any proof to establish a verbal agreement on the part of Bradhurst to give the note and mortgage, and to pay the plaintiff the sum mentioned in the written memorandum if she would discontinue the suit against his wife, such an agreement would clearly be within the statute of frauds.

He was not a party to that suit, and was under no legal obligations. to pay his wife's indebtedness.

. Such a promise, to be valid, aside from the statute of frauds,. must be based upon a consideration. The plaintiff furnished none, and her interest and legal rights in the suit remain unimpaired. The mortgage and note are two instruments. One is a personal obligation for the debt. The other creates a lien upon land for the security of the debt. A mere verbal agreement to make a mortgage on real estate does not create an equitable lien. Equity does sometimes specifically enforce parol agreements which are within the statute of frauds, when money or value has been parted with on the faith of them, and the circumstances are such as to render it inequitable to refuse the relief. In the present case there is an entire absence of any such agreement. The plaintiff has parted with no money or value, nor has she suffered any injury on the faith of any promise made by Bradhurst. Specific performance is a remedy for enforcing the equitable duties growing out of the alleged agreement; and, when the agreement is oral, it must be of such a nature that the court would have had jurisdiction in respect to it in case it had been in writing. Fry, in his work on Specific Performance (Am. Ed., p. 251), states the rule in reference to equitable actions to enforce specific performance of parol agreements:

"First. The acts of parol performance must be referable to the alleged agreement and no other. Second. They must be such as render it a fraud on the defendants to take advantage of the contract not being in writing. Third. The agreement to which they refer must be such as in its own nature is enforceable by the court. Fourth. There must be proper evidence of the parol agreement."

It seems to me that the only legitimate inference to be drawn from the facts in this case is that Judge Fullerton acted during all the negotiations as counsel for Mrs. Bradhurst, and endeavored to bring. about a settlement of the suit, but failed in his efforts. The circumstances all tend to the conclusion that the alleged contract was never considered a valid and complete agreement. The written memorandum was modified by parol, not only as to the amount of the mortgage to be given by Mr. Bradhurst, but also as to the time of performance. The fact that it was modified sheds light upon the character of the previous acts and understanding of the parties who initialed the memorandum. The attorneys for the respective parties continued the negotiations down to the 15th day of February, 1892, when they were broken off, and the contract was never fully consummated. It is an elementary principle that, before there can be a contract between two parties, their minds must come together and agree upon its terms and conditions, or, as it is sometimes said, the minds of the contracting parties must meet. It is manifest that, when the memorandum was initialed, it was understood that something remained to be done before the alleged contract could be considered as perfect and complete, and that the minds of the parties. did not meet as to its exact terms and conditions.

The authority of Judge Fullerton to make the contract, and to conduct the negotiations for Bradhurst and his wife, is sought to be established principally by his declarations. It is a familiar rule

that the relation of principal and agent must first be proved before the agent's declarations can be admitted against the principal. People's Bank of City of New York v. St. Anthony's Roman Catholic Church, 109 N. Y. 525, 17 N. E. 408. The evidence in this case, although uncontradicted, fails to establish that Judge Fullerton was authorized by Bradhurst or his wife to make the contract in question. He did not execute it as agent, and it nowhere appears by competent evidence that they ratified or assumed its obligations. It was held, in Nixon v. Palmer, 8 N. Y. 401, that where the agency is to be proved by the subsequent ratification and adoption of the act by the principal, there must be evidence of previous knowledge on the part of the principal of all the material facts affecting the rights of the principal. King v. Mackellar, 109 N. Y. 223, 16 N. E. 201. The authorities bearing upon this point cited and discussed by the learned counsel for the plaintiff are not applicable to the facts in this case, neither does it clearly appear, from the evidence, that Judge Fullerton was authorized by Mrs. Bradhurst to settle and discontinue the suit upon the terms stated in the complaint.

It is urged that the inference may legitimately be drawn, from the relation of the parties and the nature of the transaction, that he was authorized to make the agreement. The rule is well settled that an attorney has no implied authority to settle his client's suit without special permission. The authority, therefore, cannot be presumed from the relation of the parties. Mandeville v. Reynolds, 68 N. Y. 540; Lewis v. Duane, 141 N. Y. 302–314, 36 N. E. 322, 325. His admissions could only bind his client in matters relating to the progress of the trial. The statements which he made out of court, in conversations with the opposing counsel, although they may have related to the facts in controversy, were not admissible in evidence against Mrs. Bradhurst. The reason of the distinction is that the attorney's authority extends only to the management of the cause in court, and he has no right to go beyond the authority, unless expressly authorized by his client. In my judgment, the evidence fails to establish that the learned counsel for Mrs. Bradhurst was authorized by her to make any admissions affecting her interest, or to compromise or settle the suit which was the subject of negotiation. Britton v. Lorenz, 45 N. Y. 51. In Bacon v. Frisbie. 80 N. Y. 399, Judge Folger, in speaking for the court, says:

"All communications made by a client to his counsel for the purpose of professional advice and assistance are privileged, whether they relate to the suit pending or contemplated or to any other matter proper for such advice or aid."

The principle upon which such communications are protected from disclosure applies to every attempt to give them in evidence without the consent thereto of the person making them. The declarations, therefore, of Judge Fullerton, as to what his client said in reference to the suit and his authority to settle it, were not competent evidence against his client.

It is also urged by the learned counsel for the plaintiff that, during the negotiations, certain papers on file in the clerk's office were, by the consent of the plaintiff, delivered to Mrs. Bradhurst's coun-

sel, and that that act constituted a part performance of the contract. I am inclined to think that the withdrawal of those papers was simply an incident to the negotiations pending for a settlement of the suit. The suit was not discontinued, but reserved generally on the calendar, and may be moved for trial at any time by giving the usual notice. The papers that were removed from the files were produced in court and tendered to the plaintiff. I am unable, therefore, to see how the plaintiff is prejudiced, or has lost any rights by the negotiations. Upon a careful consideration of the whole evidence, I am convinced that no cause of action is established against the defendants or either of them.

The complaint, therefore, must be dismissed, with costs against the plaintiff.