EDWIN R. WHITNEY, Respondent, v. JAMES HANSE, Appellant.

*False imprisonment — warrant issued on an information prepared by a district attorney, and verified by a detective — the detective is not liable to one falsely imprisoned thereon.*

A detective employed to investigate the alleged destruction of a will, who verifies an information prepared by the district attorney, embodying the results of the investigation and ending with the words "Wherefore deponent prays that a warrant may be issued for the apprehension of said Edwin R. Whitney, and that he be dealt with according to law," is not liable, in an action for false imprisonment, to the accused, who is arrested under a warrant issued on such information by a county judge to whom it has been presented by the district attorney, but is afterwards discharged.

APPEAL by the defendant, James Hanse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 25th day of June, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of June, 1898, denying the defendant's motion for a new trial made upon the minutes.

*William T. McCoun, Jr.* [*Francis H. Van Vechten* with him on the brief], for the appellant.

*George B. Stoddart,* for the respondent.

WILLARD BARTLETT, J.:

This is a suit for false imprisonment in which the plaintiff has recovered judgment for a small amount. It seems that he was suspected of having destroyed the will of his father, Darling B. Whitney, and that the prosecuting authorities of Queens county deemed such destruction to be a criminal offense, punishable as forgery in the third degree under section 515 of the Penal Code. It is remarkable that the Legislature should apply the term forgery to the complete destruction of a document, but I am not prepared to say that such is not the correct construction of the section cited. The defendant describes himself as a duly licensed detective, holding a license from the State of New York. He was employed by the assistant district attorney of Queens county and by the gentleman who represents him on the present appeal to make an investigation

for the purpose of ascertaining what had become of the Whitney will. He set forth the result of that investigation in a written complaint or information which was prepared by the district attorney upon a report made to that officer by the detective. In this information, which he signed and verified, the defendant stated that at the city of New York, on the 5th day of February, 1898, Edwin R. Whitney had admitted to the deponent that he was concerned in the destruction of the will of Darling B. Whitney and had a beneficial interest in such destruction; that as deponent was informed and believed the said Darling B. Whitney was about eighty-seven years of age, imbecile and mentally incapable of making another will, and that the destruction of said will by the said Whitney was with criminal and fraudulent intent and a willful violation of section 515 of the Penal Code. The information ended with these words: "Wherefore deponent prays that a warrant may be issued for the apprehension of said Edwin R. Whitney and that he be dealt with according to law."

Upon this information a warrant was issued by the county judge of Queens county, upon which the plaintiff herein was arrested. He gave bail and was discharged two days after the warrant was granted by an order of the county judge, upon the ground that the information itself showed that there was no jurisdiction to issue the warrant. Although the record does not disclose the precise defect of jurisdiction which the county judge found in the proceeding, the briefs on this appeal indicate that one objection to the validity of the warrant was that the information failed to charge that the alleged offense was committed in the county of Queens.

The defendant testified that he never had anything to do with the issuing of the warrant further than swearing to the contents of the information; and this statement is not contradicted. As I understand the testimony of Mr. Youngs, the district attorney, that officer delivered the warrant to the constable and directed him to serve it. Mr. Youngs further testified that he "made application for the said warrant in his capacity as district attorney of the County of Queens."

At the beginning of his charge the learned trial judge instructed the jury as follows: "There was no authority for this arrest. Everybody concerned in it was liable in damages for it. The ques-

tion here is whether the defendant procured this warrant. He signed this affidavit and in it he prays that a warrant may be issued against the plaintiff, and that warrant having been void, the plaintiff now brings this action for malicious prosecution; and it is your duty, under the law, to find a verdict for him. You may not escape that at all." A little further on he said : " So it is your duty to find a verdict in favor of the plaintiff for the amount of damages you find he sustained by this false arrest." At the end of the charge, at the request of the defendant's counsel, the court instructed the jury still further as follows : " If he did not cause this warrant to be issued at all, then the defendant is entitled to a verdict. I have read to you that part of his affidavit in which he prayed for a warrant, but he may have thought there were going to be some other affidavits; I don't know how that is, but whether he was instrumental in causing this warrant to be issued I leave to you."

We doubt whether the positive instruction to the jury in the main part of the charge, that it was their duty to find a verdict in favor of the plaintiff for the amount of the damages they should find he sustained by this false arrest, should be regarded as sufficiently qualified by the other instructions to the effect that the question in the case was whether the defendant procured the warrant, and that the defendant was entitled to a verdict if he did not cause the warrant to be issued. But there was no evidence in the case that the defendant had anything to do with procuring the issuance of the warrant beyond what has already been stated. The defendant's counsel excepted to the denial of his motion to dismiss the complaint at the close of the plaintiff's case. This exception and the motion for a new trial raise the principal question on the appeal, which is whether the proof did not bring the defendant within the protection of the rule that " If a person merely lays a complaint before a magistrate in a matter over which the magistrate has a general jurisdiction, and the magistrate grants a warrant upon which the person charged is arrested, the party laying the complaint is not responsible for an assault and false imprisonment, although the particular case may be one in which the magistrate has no authority to act." (1 Add. Torts, 147.)

This rule is nowhere more clearly declared than by the old General Term in this judicial district in the case of *Von Latham* v.

*Libby* (38 Barb. 339). There the only connection of the defendants with the arrest or detention of the plaintiff, said Mr. Justice EMOTT, was " that they stated their case to the magistrate, charging the plaintiff with a misdemeanor upon the facts which they swore to, and asked for his arrest." (See p. 345.) In order to ascertain precisely how they asked for his arrest, I have examined the appeal book in the case in the Brooklyn Law Library. (Cases on appeal to General Term, September, 1862.) From this it appears that the request for the arrest, like that in the case at bar, was at the foot of the affidavit or complaint, and was in substance the same as that in the information signed by the appellant here, being in these words : " Wherefore, this deponent prays that he may be apprehended and bound to answer for the above offense, &c., and be dealt with according to law." The defendant there, having done nothing more than to state his case to the magistrate in the affidavit which ended with this prayer, was held not to be liable for the consequent action of the magistrate. " If the defendants had actively and personally participated in the arrest of the plaintiff," said EMOTT, J., " a different rule would apply, as it would also if the act charged by them against the plaintiff had been clearly lawful and innocent. But I am not prepared to admit the doctrine that a party who merely states his case to a magistrate, complaining of a wrongful act as criminal, is liable to an action for false imprisonment if the magistrate upon that statement issues process which in the event cannot be justified by the law or the facts of the case." Accordingly it was held that the plaintiff in the *Von Latham* case should have been nonsuited ; and if that case was rightly decided, the defendant in the present case was entitled to a dismissal of the complaint or the direction of a verdict in his favor. I cannot find that the rule laid down in *Von Latham* v. *Libby* has ever been questioned in this State. The case was cited by the Court of Appeals in *Miller* v. *Adams* (52 N. Y. 413), without any intimation of doubt as to the correctness of the principle upon which it was decided, but with a statement that the principle had no application to the case then before that court. The doctrine of the decision is in accordance with the rule which prevails in other States and in England. (See *Murphy* v. *Walters*, 34 Mich. 180, and cases there cited.) A leading English case is *Carratt* v. *Morley* (1 Q. B.

18) in which the invalidity of the precept of arrest issued by a local court of requests was due to the fact that the judgment by default upon which it was based ran against the resident of a wapentake expressly excepted from the jurisdiction of the court. It did not appear that any evidence was given, when the judgment was obtained, that the person sued resided within the jurisdiction. The case was, therefore, analagous to the case at bar, where it did not appear from the information that the alleged offense was committed within the county of Queens. The Court of Queen's Bench held that although the members of the court of requests were not protected, the plaintiff in the judgment was not liable for false imprisonment inasmuch as he had only stated his case to the court, which then proceeded to adjudge upon it.

The application for the warrant in the present case was made, not by the defendant, but by the district attorney of Queens county in his official capacity. The defendant had no more to do with its issue than had the defendants in *Von Latham* v. *Libby* (*supra*) with the issue of the warrant which was granted in that case. Under the rule therein applied, which is well sustained by authority in England and this country, the proof in this record does not suffice to render the appellant liable. He is, therefore, entitled to a new trial.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.