(49 Misc. Rep. 551)

### M. D. WILLIAMSON CO. v. COOPER.

(Supreme Court, Appellate Term. March 2, 1906.)

EVIDENCE—HEARSAY.

Where, in an action for the price of coal ordered by a third person, the latter was not defendant's agent, a declaration by the third person that the coal was ordered in behalf of defendant and another was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the M. D. Williamson Company against Jacob Cooper. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Hyman Cohen, for appellant.

Ovitt & Graves (George D. Graves, of counsel), for respondent.

GREENBAUM, J. The order for coal, the price of which is here sought to be recovered, was given by Smith, an engineer. Testimony was taken to the effect that Smith stated that the coal was ordered in behalf of Cooper and Gottlieb. Smith denies that he so stated, and both Cooper and Gottlieb testify that Gottlieb with two others operated the theater for which the coal was used, and that Cooper had nothing whatever to do with the management of the theater; his relation thereto being that of lessor of the building. Smith and Gottlieb both testified that Smith was not, and had not been, in the employ of Cooper, but that he was employed by Gottlieb and his associates, and that Gottlieb always paid him his salary. It was thus incontrovertibly shown that Smith was not Cooper's agent, and therefore any declaration made by him was inadmissible, and the motion to strike out this testimony should have been granted. Smith v. Bradhurst, 18 Misc. Rep. 546, 41 N. Y. Supp. 1002; Ronk v. Lord, 65 N. Y. 604. The only connection of Cooper, against whom judgment was entered, with the transactions in suit was that on one occasion a check of Cooper & Feeder was sent to plaintiffs for a bill of coal delivered on these premises. The explanation of Cooper and Gottlieb as to this check is that Gottlieb obtained it in exchange for cash which Gottlieb gave Cooper. It is difficult to see how, under all these circumstances, Cooper can be justly mulcted for the payment of plaintiff's claim.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

SCOTT, J., concurs. GIEGERICH, J., concurs in the result.