### JEFFERSON BANK v. GOSSETT et al.

(Supreme Court, Appellate Term. February 23, 1904.)

1. GOODS SOLD AND DELIVERED—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.
    Evidence in an action for price of goods sold and delivered *held* insufficient to show liability for the amount of the recovery.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Jefferson Bank against Louis Gossett and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Morris E. Gossett, for appellants.

Strasbourger, Weil, Eschwege & Schallek, for respondent.

FREEDMAN, P. J. The plaintiff in this action sued upon an assigned claim for goods sold and delivered, and recovered a judgment for the sum of $197.62 and costs against the defendants. The defendants set up a counterclaim alleged to consist of a certain promissory note, which was disallowed by the court below, but, as there must be a new trial for the reasons hereinafter stated, the counter-

claim need not be considered. The answer was a general denial. The defendant Louis Gossett was called as a witness for the plaintiff, and upon his examination testimony was elicited showing that up to January 2, 1903, there was a balance due to plaintiff's assignor for goods sold to this defendant of the sum of $3.27. This witness also testified that "the book" calls for goods sold "from February 17th to April 28th," but such book was not offered in evidence, and in what amounts or of what value such goods were does not appear. One Edward Levy, a son of plaintiff's assignor, was then sworn for the plaintiff. His testimony is to the effect that he had charge of part of the transactions between his father and the defendants, that he saw goods delivered to defendants between January 21 and June 4, 1903, and that he went to defendants to collect bills several times. The record then states that the witness was then shown a bill (what such bill was does not appear), and was asked, "Are those the goods you sold the defendants? Ans. I sold part of them, and my father made the rest." He further testified that he made up the balance on the account, amounting to the sum of $79.03. This was all the testimony given on the part of the plaintiff to establish liability on the part of the defendants. What the correct balance was, or from whom due, or for what goods sold, or their value, was not shown. Not an item of plaintiff's bill of particulars was proven to have been sold or delivered, or the value thereof. The record is barren of the slightest testimony showing or tending to show that defendants were indebted to plaintiff's assignor in the sum of $197.62, for which plaintiff had judgment. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.