(45 Misc. 630)

## JEFFERSON BANK v. GOSSETT et al.

(Supreme Court, Appellate Term.　December 7, 1904.)

1. EVIDENCE—ADMISSIONS BY COUNSEL.

In an action for goods sold and delivered, it appeared that defendant's counsel, in going over the items in the bill of particulars with plaintiff's counsel in the courtroom, admitted the sales between specified dates. To bind defendant by such admission it was shown that he nodded his head while counsel was making the statement. *Held* that, though the statement of defendant's counsel amounted to an admission of indebtedness, it did not bind defendant, not being of record, without an express authorization.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action for goods sold and delivered by the Jefferson Bank against Louis Gossett and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Morris E. Gossett, for appellants.

Emanuel Eschwege, for respondent.

BISCHOFF, J.　Upon the first trial of this action, brought upon an assigned claim for goods sold and delivered, the plaintiff rested its case on an admission by defendants' counsel, appearing in the record as follows: "The defendant Louis Gossett admits that there is a balance due on the various goods sold by Barnett Levy to him from January 21st to and including April 27, 1903;" and a judgment for the plaintiff in the amount claimed was reversed by this court, for failure of proof of deliveries of any particular value. Jefferson Bank v. Gossett, 86 N. Y. Supp. 752.　Upon the trial now under review, the plaintiff still refrained from calling witnesses to prove the deliveries and the value of the goods, but sought to establish an admission sufficient to cover the questions at issue by proof that, when the defendants' attorney made the admission appearing in the record of the first trial, he had gone over the items of the bill of particulars with plaintiff's counsel in the courtroom, and stated to the latter that he "admitted the sales and deliveries of goods from January 21st to January 27th," pointing the items out to plaintiff's counsel (the witness), "and meanwhile looking at the defendant Louis Gossett, who nodded his head."

It is apparent that this was simply a preliminary to an admission of record which the defendants' counsel was about to make, and what was then understood is indicated by the actual admission made.　Assuming, however, that the defendants' counsel had made the very statements claimed, intending just such an admission, still the client was not bound by an admission of counsel, not of record, without an express authorization.　Fay v. Hebbard, 42 Hun, 490; O'Brien v. Weiler, 68 Hun, 64, 22 N. Y. Supp. 627.　To bind the defendants by reason of the act of one of them in nodding his head while counsel was making the statement may be quite

possible, but certainly there is nothing here to show that the client admitted the value of the goods as stated in the bill of particulars. He nodded while his counsel admitted the sales and deliveries within certain dates, but to say that he also intended to admit the values claimed by the plaintiff assumes that, when assenting to something which his counsel said, he also agreed to something not spoken of, but which the opposing counsel had in mind. Without proof of value or of an agreement as to price, this judgment cannot be supported. This proof would seem to be readily available in the testimony of the plaintiff's assignor, should the plaintiff elect to call him, rather than to persist in presenting the case upon insufficient admissions.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event. All concur.