Supreme Court, Appellate Term, December, 1904.    [Vol. 45.

THE JEFFERSON BANK, Respondent, *v.* LOUIS GOSSETT et al.,
Appellants.

(Supreme Court, Appellate Term, December, 1904.)

**Admission of the sale and delivery of goods not an admission as to value.**

> An admission of the sale and delivery of goods, set out in a bill
> of particulars, is not an admission as to their value and, without
> proof of value or agreed price, there can be no recovery on such
> admission.

APPEAL by the defendants from a judgment of the Munic-
ipal Court of the city of New York, eleventh district,
borough of Manhattan, rendered in favor of the plaintiff.
Action for goods sold and delivered.

Morris E. Gossett, for appellants.

Emanuel Eschwege, for respondent.

BISCHOFF, J.  Upon the first trial of this action, brought
upon an assigned claim for goods sold and delivered, the
plaintiff rested its case on an admission by defendants' coun-
sel, appearing in the record as follows: "The defendant Louis
Gossett admits that there is a balance due on the various
goods sold by Barnett Levy to him from January 21st to and
including April 27th, 1903," and a judgment for the plain-
tiff in the amount claimed was reversed by this court, for
failure of proof of deliveries of any particular value.   Jef-
ferson Bank v. Gossett, 86 N. Y. Supp. 752.

Upon the trial now under review the plaintiff still re-
frained from calling witnesses to prove the deliveries and
the value of the goods, but sought to establish an admission
sufficient to cover the questions at issue, by proof that, when
the defendants' attorney made the admission appearing in
the record of the first trial, he had gone over the items of the
bill of particulars with plaintiff's counsel, in the courtroom,

and stated to the latter that he " admitted the sales and deliveries of goods from January 21st to January 27th," pointing the items out to plaintiff's counsel (the witness) " and meanwhile looking at the defendant Louis Gossett, who nodded his head."

It is apparent that this was simply a preliminary to an admission of record which the defendants' counsel was about to make, and what was then understood is indicated by the actual admission made. Assuming, however, that the defendants' counsel had made the very statements claimed, intending just such an admission, still the client was not bound by an admission of counsel, not of record, without an express authorization. Fay v. Hebbard, 42 Hun, 490; O'Brien v. Weiler, 68 id. 64.

To bind the defendants by reason of the act of one of them in nodding his head while counsel was making the statement may be quite possible, but certainly there is nothing here to show that the client admitted the value of the goods as stated in the bill of particulars. He nodded while his counsel admitted the sales and deliveries within certain dates, but to say that he also intended to admit the values claimed by the plaintiff assumes that when assenting to something which his counsel said he also agreed to something not spoken of, but which the opposing counsel had in mind.

Without proof of value or of an agreement as to price, this judgment cannot be supported. This proof would seem to be readily available in the testimony of the plaintiff's assignor, should the plaintiff elect to call him, rather than to persist in presenting the case upon insufficient admissions.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event.