WITT et al. v. CARLTON DRESS GOODS CO.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. CORPORATIONS ⬤⟿432—OFFICERS—EVIDENCE OF AUTHORITY—DECLARATIONS.

The statement of the alleged treasurer of corporation, sued for the price of goods sold, that he was the defendant's treasurer, was not binding on the defendant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. ⬤⟿432.]

2. EVIDENCE ⬤⟿265—ADMISSIONS—ADMISSION OF CORPORATION OFFICER.

In an action for goods sold, the statement of defendant corporation's alleged treasurer that he owed the bill, but had not the money to pay it then, and would pay it if plaintiff would wait, referred to himself individually, and was not an admission that defendant owed plaintiff anything.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. ⬤⟿265.]

3. ATTORNEY AND CLIENT ⬤⟿86—POWERS—ACKNOWLEDGMENT OF INDEBTEDNESS.

Without express authorization, the acknowledgment of defendant's attorney to plaintiff's attorney that defendant owed plaintiff money for goods sold could not bind the defendant.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 155–160; Dec. Dig. ⬤⟿86.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Max A. Witt and Joseph L. Scheider, copartners doing business under the firm name and style of Max A. Witt & Co., against the Carlton Dress Goods Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Becher, Marx & Teitelbaum, of New York City (Henry Marx, of New York City, of counsel), for appellant.

Mayer & Stein, of Brooklyn (Robert J. Mayer, of Brooklyn, of counsel), for respondents.

GUY, J. This is an action to recover for goods sold and delivered The pleadings were oral, and throughout the trial it was assumed that the defendant was a corporation; but there was neither proof nor

concession of that fact. As it is stated in both briefs, however, that the defendant is a corporation, it will be considered as such. None of the sales and deliveries going to make up the claim were proven, and the only basis for the judgment is certain telephone conversations claimed to have been had by plaintiffs' credit man with one Rosendorf, said to be the treasurer of the defendant, and other alleged admissions of the said Rosendorf; also admissions testified to have been made by one of the defendant's attorneys.

Plaintiffs' credit man swore: That he talked with one Rosendorf over the telephone three times. That he called up Rosendorf and talked with him. That "I was out at the time, and one of the girls answered, and when I returned I called up the number and asked for Mr. Samuel Rosendorf. He said that he was the person. He wanted to adjust the matter and pay me some time later for this account here. I told him that nothing but a check would do at this time, because I knew that he was being sued otherwise; that the bills were due, and it was necessary for him to pay it; and he said such an adjustment could not be made because he did not have the money at that time, but he would arrange to pay me some time later." That at the time the account was opened Rosendorf told the witness over the telephone that he was the treasurer and was responsible for all bills purchased by the Carlton Dress Goods Company. That he had received Rosendorf's personal check in payment of goods. That otherwise than over the telephone the witness never spoke with Rosendorf.

[1] The alleged telephone conversations were not evidence against the defendant, because, even if it be assumed that the circumstances furnish some evidence of talks with Rosendorf, the alleged statement of the latter, either over the telephone, or in answer to the question put to him by the process server, that he was the treasurer of the defendant, was not binding upon the defendant, and it does not appear from the telephone conversations that any claim against the defendant was specified, for plaintiffs' witness says:

"I told him that nothing but a check would do at this time, because I knew that he was being sued otherwise; that the bills were due, and that it was necessary for him to pay it."

Although the credit man swore that he received Rosendorf's checks as treasurer, he subsequently testified that the checks were not signed by Samuel Rosendorf, treasurer, that they were Rosendorf's personal checks.

[2] The person who served the summons on Rosendorf testified that Rosendorf at the time of service said:

"I admit owing the bill, but I have not got the money to pay for it now; if you will wait, I will pay the bill."

This statement referred solely to the individual, and was in no sense an admission that the defendant corporation owed plaintiffs anything.

[3] Neither was the admission made over the telephone by one of the defendant's attorneys to the plaintiffs' attorney that the defendant owed the money competent evidence that the defendant did owe the money, for without express authorization such an acknowledgment

could not bind the defendant. Weeks on Attorneys (2d Ed.) § 223; Jefferson Bank v. Gossett, 45 Misc. Rep. 630, 90 N. Y. Supp. 1049.

The plaintiffs failed to prove a prima facie case, and the judgment must be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.